**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MELISSA SIMS POWELL, ANGELA HITCHENS, JOSEPH P. PLUMLEY, JR., ED.D. AND CIVIL ACTION NO. GLENN W. DOBSON : : : : : : : Plaintiffs, : : v. : : AMERICAN INTERCONTINENTAL UNIVERSITY, INC., CAREER EDUCATION CORP., AND JOHN DOE NOS. 1-100, : : : : : : Defendants. : | CIVIL ACTION NO. 1:08-CV-2277-RWS |

**ORDER**

This case comes before the Court on Defendants' American InterContinental University ("AIU") and the Career Education Corporation ("CEC", collectively "Defendants") Motion to Dismiss [30]. After a review of the record, the Court enters the following Order.

I.   Factual Background[1]

---

[1]The facts as stated here are taken from the Complaint [1] and the subsequent pleadings. The Court makes no findings as to the facts stated herein.

AIU is a for-profit accredited institution of higher learning that provides undergraduate and graduate degree programs at five ground campuses worldwide as well as online. Plaintiffs and Relators Melissa Simms Powell, Angela Hitchens, Joseph P. Plumley, Jr. Ed.D., and Glenn W. Dobson ("Relators") initiated this action pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA") on behalf of the United States alleging fraud and abuse on the part of Defendants. Plaintiffs filed claims under the FCA to recover damages and civil penalties arising out of Defendants' alleged false claims for funding submitted to the United States Department of Education ("DOE") and false statements made by Defendants that were material to the submitted false claims. Specifically, Plaintiffs contend that Defendants made false statements concerning AIU's purported compliance with: (a) the Title IV of the Higher Education Act of 1965's prohibition against incentive-based compensation for enrollment counselors; (b) the Southern Association of Colleges and Schools' ("SACS") accreditation standards; and (c) the student eligibility requirements of Title IV.

These false statements were allegedly made in the "Program Participation Agreement" ("PPA") between Defendant AIU and the

DOE and in connection with each specific request for Pell Grant or Stafford Loan funds made by Defendants to the DOE.  The PPA is a mandatory agreement between the school and the DOE which "shall condition the initial and continuing eligibility of the school to participate in a program upon compliance with" specific statutory requirements. 20 U.S.C. § 1094(a).  Plaintiffs contend that the PPA submitted by AIU to the DOE on March 2, 2007 contains materially false statements regarding AIU's compliance with the incentive compensation ban and the requirements imposed by SACS stated above.  Plaintiffs argue that the false statements are a violation of the FCA which prohibits the submission of a "false or fraudulent claim for payment or approval" to the United States or the making of a "false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A), (B).

Defendants seek to dismiss the Complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.  In support, Defendants argue that the representations and promises made by Defendants to the DOE regarding compliance with the incentive compensation ban or accreditation requirements are not "certifications" and thus, are not prerequisites to payment of any Title

IV funds by the DOE. Defendants also assert that Plaintiffs have failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

## II.    Motion to Dismiss Legal Standard

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to

4

raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

III.    Discussion

Defendants argue that their representations in the PPA do not constitute certifications of compliance with either the incentive ban or accreditation requirements.  They assert that the PPA is only a condition of participation in Title IV programs and that there is nothing in the regulations that conditions payments of Title IV funds on a certification of compliance with the incentive compensation rules or faculty guidelines. (Dkt. No. [30] at 13.)  Liability under the FCA requires a demonstration that the false or fraudulent claims were made for the purpose of payment or approval by the United States. See 31 U.S.C. § 3729(a)(1)(A), (B).  Accordingly, Defendants argue that the FCA and promissory estoppel claims should be dismissed. (Dkt. No. [30] at 13.)

In support of their position, Defendants primarily rely on U.S. ex rel. Graves v.ITT Educ. Serv., Inc., 284 F.Supp.2d 487, 500 (S.D. Tex. 2003), aff'd per curiam, 111 Fed. Appx. 296 (5th Cir. 2004).  In Graves, the court held that certification of compliance with the incentive compensation rule was not a condition of payment, but was only a condition of eligibility.  Based on this

5

conclusion, the court dismissed the FCA claim. The district court's decision was affirmed in an unpublished *per curiam* decision by the Fifth Circuit Court of Appeals.

Since the Graves decision, the Seventh Circuit and the Ninth Circuit have reached different conclusions on the issue. See Main v. Oakland City Univ., 426 F.3d 914 (7th Cir. 2005); United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166 (9th Cir. 2006). In Main, the court recognized that many federal programs like Title IV "require multiple layers of paperwork." Id. at 916. However, the court concluded that fraud at any layer is actionable "[i]f a false statement is integral to a causal chain leading to payment." Id. The court held that the FCA "requires a causal rather than a temporal connection between fraud and payment." Id.

In Hendow, the Ninth Circuit Court of Appeals found the Seventh Circuit's reasoning "persuasive." Hendow, 461 F.3d at 1174. The court found that a "false statement or course of conduct" regarding the incentive compensation ban could serve as a basis for liability. Id. at 1174-75. This Court agrees with the conclusions of the Seventh and Ninth Circuits. Defendants' representations in the PPA may serve as the basis for liability under the FCA.

Defendants also contend that Plaintiffs have failed to allege particularized facts that establish a false statement, claim, or promise as required under Rule 9(b). They argue that the Complaint is devoid of allegations that AIU violated any statute or regulations, had knowledge of noncompliance, or submitted any claims for payment. (Dkt. No. [30].) To satisfy Rule 9(b), a plaintiff asserting an FCA claim "must plead facts as to time, place, and substance of the defendants's alleged fraud, specifically the details fo the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." U.S. ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1310 (11th Cir. 2002) (internal quotations and citations omitted), *cert. denied*, 537 U.S. 1105, 123 S.Ct. 870, 154 L.Ed.2d 774 (2003). "Rule 9(b)'s directive that the circumstance constituting fraud or mistake shall be stated with particularity does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted, or should have been submitted to the Government. . . . [A]s with every other facet of a necessary False Claims Act allegation, if Rule 9(b) is to be adhered to, some indicia of reliability must be given in the complaint to support the allegation." Id. at 1311. Like the

7

plaintiffs in U.S. ex rel. Hill v. Morehouse Med. Assoc., Inc., No. 02-14429, 2003 WL 22019936 (11th Cir. Aug. 15, 2003), Plaintiffs in the present action were in positions during their employment to gain first hand knowledge of the facts alleged in the Complaint.  In their Response, Plaintiffs recount specific allegations in the Complaint that state with specificity the alleged fraudulent acts of Defendants.  (Dkt. No. 38 at 31-32.) The Court finds that Plaintiffs' allegations satisfy Rule 9(b).  The Court further finds that Defendants have not demonstrated that Plaintiffs' FCA claim fails to meet the plausibility standard such that dismissal is warranted.

## Conclusion

Based on the foregoing, Defendants' Motion to Dismiss [30] is **DENIED**.

**SO ORDERED** this   2nd   day of June, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)