# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MELISSA SIMS POWELL, ANGELA HITCHENS, JOSEPH P. PLUMLEY, JR., ED.D. AND CIVIL ACTION NO. GLENN W. DOBSON | : : : : : : : : |
| Plaintiffs, | CIVIL ACTION NO. 1:08-CV-2277-RWS |
| v. | : : : |
| AMERICAN INTERCONTINENTAL UNIVERSITY, INC., CAREER EDUCATION CORP., AND JOHN DOE NOS. 1-100, | : : : : : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Defendants' American InterContinental University ("AIU") and the Career Education Corporation ("CEC", collectively "Defendants") Motion for Reconsideration of Defendants' Motion to Dismiss [51], Defendants' Motion for Certification of Order for Interlocutory Appeal [52], and Defendants' Motion to Strike [57]. After a review of the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

**Background**

In its June 2, 2010 Order, the Court denied Defendants' Motion to Dismiss [30]. (Order on Defs.' Mot. to Dismiss dated June 2, 2010 ("Order") [48].) The Court found that Plaintiffs, in their action pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA") on behalf of the United States alleging fraud and abuse on the part of Defendants, had pleaded fraud with the particularity required by Federal Rule of Civil Procedure 9(b). (Order at 8.) In their Complaint, Plaintiffs contend that Defendants made false statements concerning AIU's purported compliance with: (a) Title IV of the Higher Education Act of 1965's ("Title IV") prohibition against incentive-based compensation for enrollment counselors; (b) the Southern Association of Colleges and Schools' accreditation standards; and (c) the student eligibility requirements of Title IV.

In its order, the Court found sufficient Plaintiffs' allegations that these false statements were made in the Program Participation Agreement ("PPA") between Defendant AIU and the Department of Education ("DOE") and in connection with each specific request for Pell Grant or Stafford Loan funds made by Defendants to the DOE. Defendants now seek reconsideration of the

2

Court's denial of the motion to dismiss, as well as certification for interlocutory appeal of the Court's ruling as to the legal sufficiency of predicating a FCA claim on false statements contained within the PPA.  In addition, Defendants seek to strike all portions of the Complaint not specifically addressed in the Court's order.

## Discussion

### I.    Motion for Reconsideration

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  However, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Id. at 1259.  Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time."  Pres.

3

Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Defendants concede that no new evidence has come to light and that no intervening change or development in the controlling law has occurred. (Defs.' Reply Supp. Mot. for Recons. [62] at 2.)  Rather, Defendants assert that the Court committed clear error on two grounds: (1) the Court misapplied Rule 9(b) by finding that Plaintiffs were in positions during their employment to gain firsthand knowledge of the facts alleged in the Complaint; and (2) the Court erroneously found that Plaintiffs described the fraudulent scheme with the requisite factual detail under Rule 9(b).  (Defs.' Mot. for Recons. ("Recons.") [51] at 4.)

This request for reconsideration is an effort to reargue issues previously raised and decided by the Court.  Defendants argue that the Court committed clear error by not requiring Plaintiffs to plead specific details, aside from their positions of employment, as to how they obtained firsthand knowledge of Defendants' fraudulent activities, a point previously raised in arguments on Defendants' motion to dismiss.  (See Recons. at 5-8; Defs.' Reply Supp. Mot. to Dismiss [43] at 18-19.)

4

However, Defendants' cited authorities from courts of this Circuit provide no support for a rule requiring such detailed pleading as to the source of a FCA relator's knowledge, and therefore fail to demonstrate any clear error by the Court.  In United States ex rel. Sanchez v. Lymphatx, Inc., the Eleventh Circuit found fault with the plaintiff's failure to provide specific details about the allegedly fraudulent activities at issue, not her failure to provide such detail as to how she obtained her knowledge of such practices.  596 F.3d 1300, 1302 (11th Cir. 2010) ("Despite her assertion that she had direct knowledge of the defendants' billing and patient records, however, [the plaintiff] failed to provide any specific details regarding either *the dates on or the frequency with which the defendants submitted false claims*, *the amounts of those claims*, *or the patients whose treatment served as the basis for the claims*.") (emphasis added). Defendants fare little better in citing to In re HomeBanc Corp. Securities Litigation, as that decision pertains not to pleading requirements necessary to establish a FCA relator's firsthand knowledge, but to the "weight to be afforded to allegations based on statements proffered by a *confidential* source."  See In re HomeBanc Corp. Sec. Litig., 706 F. Supp. 2d 1336, 1349 (N.D. Ga. 2010) (citations omitted and emphasis added).  Given this dearth of supporting

5

authority, Defendants have pointed to no clear error of law meriting reconsideration on this issue.

Likewise, Defendants assert that Plaintiffs fail to satisfy the Eleventh Circuit's pleading standard with respect to the fraudulent acts at issue, as Plaintiffs must provide facts as to the time, place, and substance of the alleged fraud.  See Sanchez, 596 F.3d at 1302 (citing United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1308 (11th Cir. 2002)).  Defendants contend that Plaintiffs have not provided "specific details" of any dates, frequency or amounts of any alleged false claims.  (Recons. at 11-12.)  Defendants raised an identical argument in their motion to dismiss.  (Brief Supp. Defs.' Mot. to Dismiss [30-1] at 32-33.)  The Court has already considered and rejected this argument, finding that the Complaint's allegations with respect to the PPA are sufficient to articulate the alleged fraud with the requisite specificity.  (See Order at 6, 8.)

Other than mere disagreement with the Court's ultimate result, Defendants offer no basis for reconsidering its previous rulings in this case.  As such, the Court denies Defendants' motion for reconsideration in its entirety.

**II.     Motion for Certification for Interlocutory Appeal**

In its June 2, 2010 ruling, the Court held that representations regarding incentive compensation and accreditation contained in AIU's March 2007 PPA could serve as the basis for liability under the FCA.  (Order at 6.)  Defendants now seek an interlocutory appeal to resolve the question of whether there is a distinction between a condition of eligibility and a condition of payment for purposes of stating a FCA claim.  (Defs.' Mot. for Certification for Interlocutory Appeal ("Certification") [52] at 2.)

To be granted permission for an interlocutory appeal, the movant must demonstrate that there is a "controlling question of law as to which there is substantial ground for difference of opinion" and that resolution of the issue will "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b) (2006).  Even if these requirements are satisfied, the Court of Appeals retains discretion to refuse to allow the appeal.  Section 1292 is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation.  Sussman v. Salem, Saxon and Nielsen, P.A., 826 F. Supp. 1416, 1418 (M.D. Fla. 1993); see also White v. Nix, 43 F.3d 374, 376

(8th Cir. 1994) (stating that section 1292 interlocutory appeals should be limited to exceptional circumstances).

The critical inquiry in the present case is whether Defendants seek to certify a question as to which there is a substantial difference of opinion. This criterion for certification is satisfied when the issue is difficult and of first impression, a difference of opinion as to the issue exists within the controlling circuit, or the circuits are split on the issue. See In re Regions Morgan Keegan ERISA Litigation, No. 08-2192, 2010 WL 3833668, at *2 (W.D. Tenn. June 30, 2010); see also Rodriguez v. Banco Cent., 917 F.2d 664, 665 (1st Cir. 1990) (accepting certified question where circuits divided); Limuel v. Donrey Corp., 795 F. Supp. 902, 903-04 (E.D. Ark. 1992) (certifying question due to conflict between other circuits and the controlling circuit); Klapper v. Commonwealth Realty Trust, 662 F. Supp. 235, 236 (D. Del. 1987) (certifying issue of first impression); Giardiello v. Balboa Ins. Co., 661 F. Supp. 644, 646 (S.D. Fla. 1985), judgment aff'd in part, rev'd in part on other grounds, 837 F.2d 1566 (11th Cir. 1988) (certifying question due to conflict between other circuits and controlling circuit). Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground

for difference of opinion. See In re Scientific-Atlanta, Inc. Sec. Litig., No. CIV.A. 1:01-CV-1950-RWS, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003).

In the present case, Defendants urge certification on the ground of a split in authority. (Certification at 9-10.) In its previous order, the Court relied on decisions from the Seventh and Ninth Circuits holding that a false statement as to an institution's condition of eligibility to participate in federal financial aid programs can serve as the basis for a FCA claim. See United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166, 1172 (9th Cir. 2006); United States ex rel. Main v. Oakland City Univ., 426 F.3d 914, 916-17 (7th Cir. 2005). District courts from the First and Second Circuits have endorsed or adopted this construction of the FCA as it pertains to conditions of eligibility for payment. See United States ex rel. Westmoreland v. Amgen, Inc., 707 F. Supp. 2d 123, 135 (D. Mass. 2010) (endorsing Ninth Circuit's broad construction of FCA); United States ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester County, 668 F. Supp. 2d 548, 566-67 (S.D.N.Y. 2009) ("The prospective nature of the certification, however, stems from the fact that program at issue here is the awarding of a grant, such that *the eligibility and*

9

*payment inquiries are in a sense the same*.") (emphasis added).  In addition, a district court from the Third Circuit has cited Hendow and Main approvingly without outright endorsing them.  See United States ex rel. Pilecki-Simko v. Chubb Inst., No. CIV.A. 06-3562 , 2010 WL 3463307, at \*5-6 (D.N.J. Aug. 27, 2010) (citing Hendow and Main as "instructive" without adopting the implied false certification theory of FCA liability).

The Court's ruling runs contrary to two earlier decisions from the United States District Courts for the Northern and Southern Districts of Texas, where the courts held that only false statements regarding conditions of payment of federal financial aid, as opposed to those relating to conditions of eligibility to participate in Title IV programs, can serve as the basis for a FCA claim.  See United States ex rel. Graves v. ITT Educ. Serv., Inc., 284 F. Supp. 2d 487, 501-02 (S.D. Tex. 2003), aff'd per curiam, 111 F. App'x 296 (5th Cir. 2004); United States ex rel. Gay v. Lincoln Tech. Inst., Inc., No. 3:01-CV-505-K, 2003 WL 22474586, at \*1 (N.D. Tex. Sept. 3, 2003), aff'd per curiam, 111 F. App'x 286 (5th Cir. 2004).  In reviewing each district court opinion, the Fifth Circuit included a footnote indicating that its affirming decision was non-precedential in nature.  See Gay, 111 F. App'x 286, 286; Graves, 111 F. App'x 296, 296; see

10

also 5th Cir. R. 47.5.4 ("Unpublished opinions . . . are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like).").

Moreover, neither decision has been extensively cited outside Texas in support of the particular argument that Defendants advance in the present case. A single district court has cited Graves in finding that false certifications of compliance with regulations governing participation in a federally funded program did not constitute a viable FCA claim. See United States ex rel. Lacy v. New Horizons, Inc., No. CIV-07-0137-HE, 2008 WL 4415648, at *4-5 (W.D. Okla. Sept. 25, 2008), aff'd, 348 F. App'x 421 (10th Cir. 2009). While the Tenth Circuit affirmed this decision, it also noted that the plaintiff had abandoned any claims related to conditions of participation, and therefore did not rule on the question of whether conditions of participation were distinct from conditions of payment. See Lacy, 348 F. App'x 421, 427. No other courts have cited Graves or Gay on the present issue. As such, the persuasive value of these decisions is negligible in comparison to Hendow and Main.

Defendants cite to at least one case where this Court certified an issue for interlocutory appeal based on a single contrary opinion from a district court. See In re Scientific-Atlanta, 2003 WL 25740734, at *4 (noting that "at least one district court has taken the more stringent approach urged by Defendants in this case").  However, in that case, this Court also relied on the fact that the text of the statute at issue appeared to be at odds with the authority cited in support of the Court's ruling.  Id.  Defendants have pointed to no similar circumstance in the present case that would bolster the persuasive value of Graves and Gay for purposes of the certification analysis.

Therefore, the Court's order of June 2, 2010 does not fall within any of the categories where certification would be warranted.  The issue presented is not a new or novel question of law.  No split among the circuits exists, as the two circuit court decisions on this issue are in agreement with both each other and with this Court's ruling.  The only conflicting authorities identified are two district court opinions of limited precedential and persuasive value.  Thus, the present case does not present a *substantial* difference of opinion as to whether courts should distinguish between conditions of eligibility for government funding and conditions of payment for purposes of a FCA claim.

12

As such, the Court finds no basis for certification of this issue pursuant to § 1292(b).

## III. Motion to Strike

Finally, Defendants request that all allegations and claims in the Complaint regarding allegedly false statements unrelated to and not contained in the March 2, 2007 PPA be stricken from the Complaint as immaterial and impertinent. Under Federal Rule of Civil Procedure 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from the pleadings on its own motion or "on a motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleadings." FED. R. CIV. P. 12(f). However, a party which has made a previous motion under Rule 12 "[may] not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2).

In the present case, Defendants seek to strike unspecified portions of the identical, unamended complaint that was the subject of Defendants' previously denied motion to dismiss. Defendants assert that the Court's order of June 2, by explicitly referencing certain allegations with respect to the PPA, implicitly

characterized all other claims as irrelevant by remaining silent as to those allegations. Defendants cite no authority, and the Court has found none, for this proposition. Indeed, every case cited in Defendants' supporting brief involves the consolidation of a motion to dismiss and a motion to strike, as opposed to a motion to strike filed after the denial of a motion to dismiss. See, e.g., Benham v. American Servicing Co., No. C 09-01099 JSW, 2009 WL 4456386, at *2 (N.D. Cal. Nov. 30, 2009) ("Defendant WMC moves to dismiss Plaintiff's first amended complaint *and/or to strike* claims and allegations from the complaint on several different grounds.") (emphasis added); Paul M. Harrod Co. v. A.B. Dick Co., 194 F. Supp. 502, 504 (N.D. Ohio 1961) (ruling first on defendant's motion to dismiss part of plaintiff's complaint, and then striking paragraphs relating to the dismissed cause of action).

The present case is also distinguishable from those situations where the amendment of a complaint provides a new ground for a Rule 12 motion. Cf. Natarajan v. Paul Revere Life Ins. Co., No. 8:04-cv-2612-T-17TGW, 2009 WL 1117405, at *2 (M.D. Fla. Apr. 24, 2009) (noting that "the objection in this instance became available only upon filing of the Second *Amended* Complaint") (emphasis added). Here, the Court denied Defendants' motion to dismiss in its

14

entirety, and therefore its ruling did not change or modify the Complaint in any way that would justify a newly-filed Rule 12 motion.

Accordingly, because Defendants' request is procedurally improper and untimely, the Court denies Defendants' motion to strike.

## Conclusion

Based on the foregoing, Defendants' Motion for Reconsideration of Defendants' Motion to Dismiss [51] is **DENIED**, Defendants' Motion for Certification of Order for Interlocutory Appeal [52] is **DENIED**, and Defendants' Motion to Strike [57] is **DENIED**.

**SO ORDERED** this   22nd   day of November, 2010.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)